PER CURIAM.
Appellants (hereinafter Casey Key) seek review of the determination by the judge of-industrial claims that appellee (hereinafter Arbuckle) was a covered employee at the time of her industrial accident. We reverse.
In November 1975, Arbuckle, a corporate officer of Casey Key, executed a notice of exemption from coverage under the workman’s compensation law. Sections 440.-02(2)(b) and 440.05(1), Florida Statutes *842 (1975). At that time and until December 31, 1977, Casey Key was insured by a workman’s compensation policy issued by Parliament Insurance Company. On January 12, 1978, a workman’s compensation policy covering Casey Key was issued by Kent Insurance Company. At the time of Arbuckle’s injury, January 17, 1978, her notice of exemption from coverage had not been revoked.
Under Section 440.02(2)(b), Florida Statutes (1975), a corporate officer is included within the definition of “employee”. That section further provides, however, that any officer of a corporation may elect to be exempt from coverage under this chapter by filing written certification of the election with the division as provided in § 440.-05. . . .” Section 440.05(1), Florida Statutes (1975) provides that:
Every corporate officer who elects not to accept the provisions of this chapter or who, after electing such exemption, then revokes that exemption shall mail to the division in Tallahassee notice to such effect in accordance with a form to be prescribed by the division.
Further, Section 440.04(3) provides:
A corporate officer who has exempted himself by proper notice from the operation of this chapter may at any time revoke such exemption and thereby accept the provisions of this chapter by giving notice as provided in § 440.05.
The judge of industrial claims held that Arbuckle’s notice of exemption served to exempt her from the class of employees covered by the Parliament Insurance Company policy. The judge ruled, however, that upon the effective date of the policy issued by Kent Insurance Company, January 12, 1978, Arbuckle was included within the class of persons identified as employees and that in order to be exempt from coverage, it was necessary that Arbuckle file another notice of exemption pursuant to Section 440.05(1).
We hold that Arbuckle’s notice of exemption filed November 1975 was effective to exempt her from coverage under the workman’s compensation policy issued by Kent Insurance Company. We disagree with the judge of industrial claims’ conclusions that an additional notice of exemption was required to effectuate exemption. Section 440.04(3), Florida Statutes specifically provides that an exemption from coverage may be revoked by giving notice in accordance with Section 440.05. In the absence of notice of revocation of the exemption, we hold that Arbuckle’s notice of exemption was effective and accordingly Arbuckle cannot be considered an “employee”. Therefore, the order determining that Arbuckle was entitled to the coverage benefits is reversed. Further, since we find Arbuckle not entitled to coverage, the award of attorney’s fees to Arbuckle’s attorney is also reversed.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.